BENJAMIN P. LECHMAN
California State Bar Number 185729
964 Fifth Ave. #320
San Diego, California 92101-5008
Telephone: (619) 699-5935

Attorney for Defendant Gevorgyan

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE ROGER T. BENITEZ)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>KAMSAR GEVORGYAN,<br>Defendant. | CASE NO. 08CR1167-BEN<br>DATE: June 2, 2008<br>TIME: 2:00 p.m.<br>NOTICE OF MOTIONS AND MOTIONS TO:<br>(1) COMPEL FURTHER DISCOVERY; and<br>(2) LEAVE TO FILE FURTHER MOTIONS |

TO: KAREN HEWITT, UNITED STATES ATTORNEY, AND
REBECCA KANTER, ASSISTANT UNITED STATES ATTORNEY:

**PLEASE TAKE NOTICE** that on June 2, 2008, at 2:00 p.m., or as soon thereafter as counsel may be heard, the defendant, Kamsar Gevorgyan ("Gevorgyan"), by and through his attorney Benjamin P. Lechman, will ask this Court to issue an order granting the motions listed below.

//

//

//

//

//

//

//

## MOTIONS

The defendant, Mr. Gevorgyan, by and through his attorney, Benjamin P. Lechman, asks this Court pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes and local rules for an order to:

1. Compel further discovery; and
2. Leave to file further motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, the files and records in the above-captioned matter, and any and all other materials that may come to this Court's attention prior to or during the hearing of these motions.

Respectfully submitted,

Dated: May 19, 2008

s/Benjamin P. Lechman
**BENJAMIN P. LECHMAN**
Attorney for Defendant Gevorgyan

BENJAMIN P. LECHMAN
California State Bar Number 185729
964 Fifth Ave. #320
San Diego, California 92101-5008
Telephone: (619) 699-5935

Attorney for Defendant Gevorgyan

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE ROGER T. BENITEZ)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>KAMSAR GEVORGYAN,<br>Defendant. | CASE NO. 08CR1167-BEN<br>DATE: June 2, 2008<br>TIME: 2:00 p.m.<br>STATEMENT OF FACTS AND POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS |

**I.**

**STATEMENT OF FACTS**

Mr. Gevorgyan is currently charged in a two-count indictment with violating 21 U.S.C. sections 841 and 952/960, alleging importation and possession with intent to distribute 8.95 (19.69 lbs.) of Opium (a Schedule II Controlled Substance).[1]

The facts as set-forth in this motion are, for the most part, taken from reports and other investigative materials provided by the United States Attorney's Office. Thus, Mr. Gevorgyan, does not

[1]At the detention hearing in this matter, the attorney for the government at one point stated that this offense carried with it a mandatory minimum. That is incorrect. Under 21 U.S.C. sections 841[b][1][c] and 952/960, this offense carries a statutory penalty of 0-20 years in custody, a $1million fine and a term of supervised release of up to 3 years. This is a class C felony under 18 U.S.C. section 3559 (a)(3). Additionally, under the advisory Sentencing Guidelines the base offense level for this offense would be approximately level 26 (the base offense level for 1,000 pounds of marijuana). Section 2D1.1 of the Guidelines prescribes a marijuana-to-opium weight-based ratio of 50-to1, equating this 20 pounds of opium with 1,000 pounds of marijuana (for a base offense level of 26).

offer a more detailed set of facts at this time in addition to those alleged in the criminal complaint and investigative materials provided so far. Thus, the facts alleged in these motions are subject to amplification and/or modification at the time these motions are heard.

On March 29, 2008 Mr. Gevorgyan was a passenger in a 2000 Toyota Camry driven by co-defendant Joseph Shanoian. Also in the car as a passenger was co-defendant Grant Yeroomian. The car is registered to co-defendant Yeroomian's son. According to reports, agents directed the car to the secondary area based upon a "computerized" referral relating to Mr. Gevorgyan and Yeroomian. The report alleges that Yeroomian was the target of multiple drug smuggling and money laundering investigations and that agents were directed to look out for Mr. Gevorgyan as a possible narcotics courier. The basis for these claims (as to Mr. Gevorgyan) has not yet been disclosed by the government.

Upon further inspection of two suitcases in the car's trunk agents discovered 8.95 (19.69 lbs.) of Opium. All three men were arrested and questioned (through the use of an Armenian interpreter for Mr. Gevorgyan and Yeroomian (Mr. Shanoian was interviewed in the English language).[2] Mr. Shanoian claimed no knowledge of the dugs but claimed that Yeroomian had received the suitcases in Tijuana from a Persian man at the airport there. Yeroomian initially declined to make a statement but then remarked to agents that he was only a passenger and was not prepared to make a statement unless someone "contradicted his story." Mr. Gevorgyan agreed to make a statement and told agents that he had visited Tijuana that day with the other two men and had not made any stops. He later clarified that Yeroomian had met a Persian man at the airport who gave Yeroomian the two suitcases found in the trunk. All three men are charged in this case.

## II.

## MOTION TO COMPEL DISCOVERY

Mr. Gevorgyan moves for the production by the government of the following discovery. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed

[2]Mr. Gevorgyan speaks Eastern Armenian, which is very distinct from Western Armenian and all meetings with Counsel have been conducted through an Eastern Armenian interpreter. It is not yet known if the interpreter used by agents post-arrest spoke in Eastern Armenian or not.

below that is in the custody, control, care, or knowledge of any government agency. See generally Kyles v. Whitley, ___U.S.___, 115 S. Ct. 1555, 1567-68 (1995); United States v. Lacy, 896 F. Supp. 982 (N.D. Cal. 1995) (prosecutor has duty to ascertain what exculpatory information may be possessed by other agencies):

(1) The Defendant's Statements Under Fed. R. Crim. P. 16 (a)(1)(A) the defendant is entitled to disclosure of all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the government intends to offer in evidence at trial; any recorded testimony of the defendant before the grand jury; any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial, and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any Miranda warnings which may have been given to the defendant (See United States v. McElroy, 697 F.2d 459 (2d Cir. 1982)); and any other statements by the defendant that are discoverable under Fed. R. Crim. P. 16(a)(1)(A);

(2) Arrest Reports, Notes and Dispatch Tapes The defendant also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced in their entirety, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963). See also United States v. Johnson, 525 F.2d 999 (2d Cir. 1975); United States v. Lewis, 511 F.2d 798 (D.C. Cir. 1975); United States v. Pilnick, 267 F. Supp. 791 (S.D.N.Y. 1967); Loux v. United States, 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(B) and [c], Fed. R. Crim. P. 26.2 and 12(i). **Preservation of rough notes is requested, whether or not the government deems them discoverable at this time**;

(3) Brady Material The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Impeachment as well as exculpatory evidence falls within Brady's definition of

evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976);

(4) Any Information That May result in a Lower Sentence Under The Guidelines As discussed above, this information is discoverable under Brady v. Maryland, 373 U.S. 83(1963). This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the Guidelines;

(5) The Defendant's Prior Record Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B). Counsel specifically requests a complete copy of any criminal record;

(6) Any Proposed 404(b) Evidence Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)[c] and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests that such notice be given three weeks before trial in order to give the defense time to adequately investigate and prepare for trial;

(7) Evidence Seized Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)[c];

(8) Request for Preservation of Evidence The defendant specifically requests that all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved.

It is requested that the government be ordered to question all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist to inform those parties to preserve any such evidence;

(9) Tangible Objects The defendant requests, under Fed. R. Crim. P. 16(a)(2)© the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, photographs of buildings or places or copies of portions thereof

which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant;

(10) Evidence of Bias or Motive to Lie The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988);

(11) Impeachment evidence The defendant requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant. See Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under Brady v. Maryland, supra. See United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); Thomas v. United States, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility);

(12) Evidence of Criminal Investigation of Any Government Witness The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2d Cir.), cert. denied, 474 U.S. 945 (1985);

(13) Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling The defense requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980);

(14) Witness Addresses The defendant requests the name and last known address of each prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. (1979) (defense has equal right to talk to witnesses). The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. United States v. Cadet, 727 F.2d, 1453 (9th Cir. 1984);

(15) Name of Witnesses Favorable to the Defendant The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir.), cert. denied, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980);

(16) Statements Relevant to the Defense The defendant requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982);

(17) Jencks Act Material The defense requests all material to which Defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch tapes. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963);

(18) Giglio Information Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the defendant requests all statements and/or promises express or implied made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses.

## III.

## REQUEST FOR LEAVE TO FILE FURTHER MOTIONS

At present, the government has provided some discovery in this case and the parties have ben in discussions this past week with regard to specific discovery items needed . Without the aid of additional information, defense counsel cannot adequately prepare or file substantive motions. Accordingly, Mr. Gevorgyan respectfully requests leave of this Court to file additional motions after discovery has been provided in this case.

## IV.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court grant the above motions.

Respectfully submitted,

Dated: May 19, 2008

s/Benjamin P. Lechman
**BENJAMIN P. LECHMAN**
Attorney for Defendant Gevorgyan